IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANIE MADISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:  17-1432 |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA ) | |
| d/b/a CIGNA ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Defendant by service on: ) | |
| Chlora Lindley-Myers, Director ) | |
| Department of Insurance ) | |
| Room 530, Truman State Office Building ) | |
| 301 West High Street ) | |
| Jefferson City, MO  65102 ) | |
| (573) 751-4126 ) | |

COMPLAINT

COMES NOW, Plaintiff by her attorney and for her complaint against Defendant, Life Insurance Company of Missouri, states as follows:

1.  That Plaintiff is a beneficiary under the terms of a long term disability insurance policy issued by Defendant to Plaintiff's employer, BJC Health System d/b/a BJC HealthCare and that Plaintiff has obtained coverage under the long term disability benefits policy of insurance issued by Defendant as a benefit of her employment at BJC Health System, d/b/a BJC Healthcare.

2.  That as the beneficiary of a long term disability benefits policy of insurance issued by Defendant and providing coverage to Plaintiff as a benefit of her employment at BJC Health

1

System, d/b/a BJC HealthCare, Plaintiff may properly bring her claim for benefits in this Court regardless of the amount in controversy or the citizenship of the parties pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) as amended. [29 USC 1132(a)(f)]

3. That Defendant, Life Insurance Company of North America, is a foreign insurance company doing its ordinary business in the Eastern District of Missouri and subject to service of process by service on the Director of the Department of Insurance, State of Missouri, in Jefferson City, Cole County, Missouri and thus venue is proper in this district under 29 USC 1132(e)(2).

4. That in consideration of the premium provided therein Defendant has issued a policy of disability insurance designated by Defendant as Policy Number NHD-0986063 and that under the terms of said policy Plaintiff was entitled to, as a benefit of her employment, a gross disability benefit in the amount of $1,687.00 per month beginning on May 12, 2015 and that Plaintiff has been unable to perform the duties of her regular occupation or any occupation from February 11, 2015 through the present and that therefore under the terms of the policy of insurance referenced herein Plaintiff was entitled to long term disability benefits in the amount of 60% of her regular earnings at the time she became disabled and thus, Plaintiff has been entitled to receive from Defendant the sum of $1,687.00 per month commencing May 12, 2015 and continuing through July 13, 2015.

5. That commencing August 14, 2015 through January 2017 Plaintiff was able to receive a net Social Security benefit of $1,111.00 per month and thus, for the months of August 2015 through January 2017 Plaintiff was entitled to receive from Defendant the net amount of $576.00 per month.

6. That commencing February 2017 Plaintiff has received a Social Security disability benefit of $1,487.00 per month and thus for the months of February 2017 through the present Plaintiff has been entitled to receive from Defendant the amount of $200.00 per month.

7. That Defendant, as claim's administrator, has failed to give Plaintiff's appeal of the denial of her claim a "full and fair review" in that Defendant has failed to set forth specific reasons for said denial in that Plaintiff has presented evidence from her treating physician, Dr. Highland, that she would need to recline 30 minutes at a time, 3 times per day and that Defendant in its denial has failed to state any reason why the opinion of Dr. Highland has been rejected or to mention the report of Dr. Highland and that Plaintiff's claim has been denied in a summary fashion only referencing the opinion of a "vocational rehabilitation counselor" in a most general way and that therefore Defendant has failed to comply with the requirements of 20 USC 1133(1)(2) which require that the denial of ERISA claims be given a full and fair review and that the denial of an ERISA claim set forth "the specific reasons for such denial".

8. That Plaintiff has performed all of the conditions of the policy to be performed on her part and has exhausted her internal rights under ERISA 29 USC 1132(a)(f) to appeal the denial of her claim for benefits and that Plaintiff has made demand on Defendant for the payment of her benefits but that Defendant refuses to pay the same.

9. That under the terms of the policy Plaintiff is entitled to recover from Defendant monthly long term disability as set out above commencing May 13, 2015 and continuing through Plaintiff's 65th birthday, on May 8, 2022 and that Plaintiff is entitled to recover from Defendant the amount of her reasonable attorney's fees and costs in the pursuit of this action under 29 USC 1132(G)(1).

WHEREFORE Plaintiff moves this Court to order Defendant, Life Insurance Company of North America, to pay to Plaintiff her benefits under the terms of the above policy and to award Plaintiff her reasonable attorney's fees incurred in this action and that Defendant be ordered to pay all arrearages owed to Plaintiff under the long term disability policy issued by Defendant, plus interest, and that Defendant be ordered to pay the cost of this action.

        HARLAN, HARLAN & STILL

        /s/Russell C. Still_____
        Russell C. Still
        Attorneys for Plaintiff
        515 Cherry Street, Suite 300
        P.O. Box 933
        Columbia, MO  65205
        573-874-2402
        573-443-3354 (fax)
        Email: rstill@harlan-still.com
        MO Bar No.:  25423
        EDMO No.  25423MO